IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reginald Scott                          :
                                        :
            v.                          :
                                        :
Philadelphia Police Officer             :
Brian Canela-Perez and                  :
George Lutz,                            :   No. 990 C.D. 2023
                        Appellants      :   Argued: June 4, 2025


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE FIZZANO CANNON                         FILED: August 14, 2025


            City of Philadelphia (City) police officers Brian Canela-Perez and
George Lutz (Police Officers) appeal from a judgment entered after a jury trial in the
Court of Common Pleas of Philadelphia County (Trial Court).  Upon review, we
vacate the Trial Court's judgment and remand for a new trial.


## I. Background

            In July 2019, Reginald Scott (Scott) allegedly suffered injuries during
an arrest by Police Officers after he exited his vehicle and approached their police
vehicle during a traffic stop in the City.  In June 2021, Scott brought a civil action

against Police Officers,[1] individually and in their official capacities, alleging assault, battery, civil conspiracy, and intentional infliction of emotional distress. Reproduced Record (RR) at 58a-67a. A jury trial was held in August 2023. Police Officers requested jury instructions to the effect that the jury could not impose liability against Police Officers unless it found they had committed willful misconduct. *See id.* at 95a & 103a-04a. Police Officers also requested a related jury verdict interrogatory addressing willful misconduct. *Id.* at 119a. The Trial Court refused both requests. *See id.* at 369a-70a & 380a-81a.

The jury returned a verdict in favor of Scott and against Police Officers in the amount of $162,378.78. Br. of Police Officers, Ex. B. Police Officers filed a motion for post-trial relief seeking a new trial, which the Trial Court denied. *Id.*, Ex. A. This appeal followed.[2]

## II. Issues

On appeal, Police Officers assert that the Trial Court erred in failing to instruct the jury that it must find willful misconduct on the part of Police Officers in order to impose liability against them. Relatedly, Police Officers allege error by the

---

[1] Although the Trial Court's written opinion indicates that the City was also a defendant, the amended complaint names only Police Officers. *See* Reproduced Record (RR) at 58a.

[2] Police Officers incorrectly purported to appeal from the Trial Court's order denying their post-trial motion. An appeal is properly taken from the entry of judgment, not the denial of a post-trial motion. *See K.H. v. J.R.*, 826 A.2d 863, 871 n.11 (Pa. 2003) (noting that "[p]ractitioners have been repeatedly cautioned against this practice . . ."). In compliance with an order of this Court, Police Officers perfected their appeal by causing judgment to be entered on the jury verdict. *See* RR at 1a. Accordingly, we will treat the appeal as having been taken from the entry of judgment. *See K.H.*, 826 A.2d at 872 (citing Pa.R.A.P. 905(a)).

2

Trial Court in failing to include an interrogatory concerning willful misconduct on the verdict slip.[3]

In addition to opposing Police Officers' assertions of error on the merits, Scott contends that Police Officers have waived the willful misconduct issue by failing to raise it sufficiently before the Trial Court.

## III. Discussion

## A. Waiver

As a threshold matter, Scott asserts that Police Officers' issues have been waived. Scott argues that Police Officers' two proposed jury instructions raising willful misconduct were directed only to Scott's claims of malicious prosecution and intentional infliction of emotional distress; neither proposed instruction asked the jury to find willful misconduct in association with Scott's assault and battery claims. Scott acknowledges that Police Officers filed a proposed verdict sheet that included willful misconduct generally, but Scott contends that Police Officers never asked the Trial Court to make a ruling in that context. Scott insists the mere filing of a pretrial submission without obtaining a ruling will not preserve an issue.

Police Officers counter that they preserved the issue of willful misconduct with regard to the assault and battery charges. They observe that they raised it both at the charge conference and on their proposed verdict sheet. Moreover, Police Officers maintain that both Scott and the Trial Court clearly

---

[3] Police Officers initially raised additional issues in their docketing statement and their statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b). However, they are no longer pursuing those other issues. Police Officers' Br. at 8 n.1.

3

understood that Police Officers were raising the requirement of proving willful misconduct as a global issue applicable to all of Scott's intentional tort claims. Police Officers posit that, although their proposed instructions related willful misconduct to the malicious prosecution and intentional infliction of emotional distress claims, the Trial Court understood and treated the issue as pertaining to all of Scott's claims.

Moreover, Police Officers point out that they raised the willful misconduct issue in their post-trial motion, and Scott did not then contend that it had been waived at trial. Similarly, Police Officers raised the willful misconduct issue in their statement of errors complained of pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), and the Trial Court did not find it waived.

We agree with Police Officers that they sufficiently preserved the issue of willful misconduct. In their proposed jury instructions, Police Officers requested the following for inclusion in the Trial Court's instruction on the burden of proof:

> In this case, the Plaintiff has the burden of proving the following propositions:
>
> (1) Officers Canela-Perez and Lutz's conduct constituted, malicious prosecution, or intentional infliction of emotional distress;
>
> (2) Officers Canela-Perez and Lutz's conduct was a factual cause in bringing about harm to Mr. Scott; and
>
> (3) Officers Canela-Perez and Lutz's conduct constituted willful misconduct.

RR at 95a. Although paragraph (1) related only to malicious prosecution and intentional infliction of emotional distress, paragraphs (2) and (3) are general in scope and are not expressly limited by the scope of paragraph (1).

4

Police Officers requested the following jury instruction concerning the statute commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act):[4]

> The Commonwealth has enacted a statute called the . . . Tort Claims Act. This statute provides immunity to employees of a municipality, such as police officers, unless the police officers' conduct constituted "willful misconduct."
>
> This means that even if you find that Mr. Scott has proven claims for malicious prosecution[] or intentional infliction of emotional distress, Officers Canela-Perez and Lutz cannot be liable unless you also find that Officers Canela-Perez and Lutz's conduct constituted "willful misconduct."

RR at 103a (footnote omitted). Similarly, Police Officers requested the following jury instruction concerning willful misconduct:

> Willful misconduct entails actual prior knowledge of a plaintiff's peril and must be carried out with the intention of achieving exactly that wrongful purpose. Willful misconduct means that an officer's tortious behavior may be characterized as willful misconduct only when an officer subjectively intends to do something he knows is wrongful.
>
> In the context of Mr. Scott's claims for and malicious prosecution, willful misconduct only exists if Officers Canela-Perez and Lutz deliberately detained, arrested, or prosecuted Mr. Scott "knowing that [they] lacked probable cause to do so." In other words, Mr. Scott must show "not only that [Officers Canela-Perez and Lutz] intended to commit the acts that they are accused of carrying out, but also that [Officers Canela-Perez and Lutz] understood that the actions they intended to take were unlawful and chose to take the actions anyway." Gross negligence or recklessness is not sufficient to prove willful misconduct.

---

[4] Sections 8541-9564 of the Judicial Code, 42 Pa.C.S. §§ 8541-9564, are commonly referred to as the Tort Claims Act. *York v. Kanan*, 298 A.3d 533, 538 (Pa. Cmwlth. 2023).

5

RR at 104a (footnotes omitted). As with the proposed instruction concerning the burden of proof, although the second paragraph of each of these instructions refers specifically to malicious prosecution and intentional infliction of emotional distress, the first paragraph describes immunity under the Tort Claims Act and willful misconduct generally. Thus, again, the proposed instruction as a whole was not clearly limited to malicious prosecution and intentional infliction of emotional distress.

At the charge conference, Police Officers again specifically requested inclusion of willful misconduct jury instructions. The trial court refused those requests. Regarding the proposed jury instructions, the following colloquy occurred:

> [POLICE OFFICERS' COUNSEL]: We'll start with the willful misconduct and I know Your Honor in previous trial with our unit doesn't give the willful misconduct.
>
> THE COURT: Doesn't what?
>
> [POLICE OFFICERS' COUNSEL]: There's a willful misconduct charge that we often ask for as a unit. [Scott's counsel], obviously, is objecting to that and knowing Your Honor's past –
>
> THE COURT: And it's case law too, right?
>
> [POLICE OFFICERS' COUNSEL]: There is case law, but the case law is not very clear.
>
> THE COURT: Is there an actual jury charge for that? Or is it just case law?
>
> [SCOTT'S COUNSEL]: No, it's case law.
>
> [POLICE OFFICERS' COUNSEL]: Well, let me -- just to be clear on that.
>
> THE COURT: I rarely ever give case law charges.
>
> [SCOTT'S COUNSEL]: Yes.

6

[POLICE OFFICERS' COUNSEL]: If you don't give case law --

THE COURT: I don't.

[POLICE OFFICERS' COUNSEL]: -- instructions, I'll reserve a general objection but.

THE COURT: Okay.

. . . .

[SCOTT'S COUNSEL]: I'll add this to the conversation, I think that the biggest obstacle involves the issue [of] willful misconduct. If Your Honor is telling us that that will not be charged, then I think we're just down to a couple that involve --

THE COURT: No. I'm telling you that will not be charged.

[POLICE OFFICERS' COUNSEL]: Yes.

THE COURT: Because that's the way I've held in the past and it's case law and it's not a proposed jury instruction by the standards.

*Id.* at 369a-70a & 380a-81a. Nothing in this exchange indicated that the requested willful misconduct instruction was to be limited to any specific claims raised by Scott.

Moreover, Police Officers' proposed jury verdict form contained a separate section with a proposed jury interrogatory concerning willful misconduct that provided:

**VII. WILLFUL MISCONDUCT**

**Has Plaintiff Reginald Scott proved, by a preponderance of the evidence, that Defendant Officers Brian Canela-Perez and George Lutz action**

7

**as outlined in the preceding questions** [which addressed all of Scott's claims] **constituted "willful misconduct"?**

**Yes _____ No _____**

*If you answer "Yes," proceed to Question VIII. If you answer "No," your deliberations are over and you may return to the courtroom.*

RR at 119a (emphasis in original). The interrogatory at issue was clearly not limited to any specific claims.

In their motion for post-trial relief, Police Officers asserted that the Trial Court erred by refusing both the requested jury instructions and the requested jury interrogatory relating to willful misconduct. *See generally* Original Record, Item #56. For these reasons, we conclude that Police Officers sufficiently preserved the willful misconduct issue by raising it at every appropriate point. Accordingly, we will next address the merits of the issues raised by Police Officers on appeal.

### B. Relevant Tort Claims Act Sections

The following provisions of the Tort Claims Act are relevant to our analysis of this matter:

**[Section] 8541. Governmental Immunity.**

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa.C.S. 8541.

**[Section] 8542(a). Exceptions to Governmental Immunity.**

(a) Liability imposed.--A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the

following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. 8542(a).

### [Section] 8545. Official Liability.

An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

42 Pa.C.S. 8545.

### [Section] 8546. Official Immunity.

In any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee, the employee may assert on his own behalf, or the local agency may assert on his behalf:

(1) Defenses which are available at common law to the employee.

(2) The defense that the conduct of the employee which gave rise to the claim was authorized or required by law, or that he in good faith reasonably believed the conduct was authorized or required by law.

(3) The defense that the act of the employee which gave rise to the claim was within the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policymaking discretion granted to such person by law.

42 Pa.C.S. 8546.

### [Section] 8548(a). Indemnity by Local Government.

When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.

42 Pa.C.S. 8548(a).

### [Section] 8549. Limitation on Damages.

In any action brought against an employee of a local agency for damages on account of an injury to a person or property in which it is judicially determined that the act of the employee caused the injury and that such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, damages shall be recoverable only within the limits set forth in this subchapter.

42 Pa.C.S. 8549.

**[Section] 8550. Willful Misconduct.**

In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa.C.S. 8550.

With these statutory provisions as a backdrop, we reason as follows.

## C. Analysis

Our Supreme Court has explained:

The Commonwealth Court "is obligated to apply an abuse of discretion standard in reviewing a trial court's denial of a motion for a new trial, and may overturn the trial court's determination only if that court abused its discretion." *Ball v. Bayard Pump & Tank Co.*, . . . 67 A.3d 759, 767 (Pa. 2013) (citation omitted). . . . "A charge will be found adequate unless 'the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error.'" *Stewart v. Motts*, . . . 654 A.2d 535, 540 (Pa. 1995) (citations omitted). . . . "The harmless error doctrine underlies every decision to grant or deny a new trial. A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake." *Harman ex rel. Harman v. Borah*, . . . 756 A.2d 1116, 1122 (Pa. 2000).

*Grove v. Port Auth. of Allegheny Cnty.*, 218 A.3d 877, 887-88 (Pa. 2019).

Here, Police Officers assert that the Trial Court committed errors of law by refusing to instruct the jury on willful misconduct under the Tort Claims Act and by declining to include an interrogatory on the jury slip regarding willful misconduct. We agree.

**1. Legal Basis for the Requested Jury Instructions**

The Trial Court's stated reason at trial for refusing the requested jury instructions was solely that they were based on case law rather than the Pennsylvania Suggested Standard Civil Jury Instructions (SSJIs). RR at 369a-70a & 380a-81a. The SSJIs are not binding, however, and a trial court does not err by basing an instruction on case law instead. *See City of Phila. v. Duda by Duda*, 595 A.2d 206, 211 (Pa. Cmwlth. 1991). Moreover, not every possible issue that may arise in every possible case has been included in the SSJI. Therefore, the mere absence of an SSJI on a specific topic does not mean that no instruction on that topic should be given, where it is relevant to the jury's decision. We conclude that where a particular point of law is not the subject of an SSJI but has been established by applicable case law and is at issue in a given case, a trial court should instruct the jury on that point based on the established case law. Accordingly, we further conclude that the Trial Court here erred by refusing to instruct the jury concerning willful misconduct under applicable case law where that issue was relevant to the jury's verdict, even though it was not the subject of an SSJI.

**2. Willful Misconduct as a Bar to Immunity**

In its written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a) (1925 Opinion) filed after Police

Officers filed their notice of appeal to this Court, the Trial Court posited that its refusal to instruct the jury concerning willful misconduct was not error because the issue of willful misconduct relates only to indemnity, not immunity, under the Tort Claims Act. 1925 Opinion at 4. Therefore, according to the Trial Court's reasoning, "[t]he failure by the jury to reach the question of 'willful misconduct' does not preclude a finding of liability against [Police Officers] for assault and battery." *Id.* We disagree.

In *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994), a jury in a federal action found Renk, a city police officer, liable to an arrestee for the torts of assault, battery, false imprisonment, and infliction of emotional distress. *See id.* at 291. Renk then brought a separate state court action against the city seeking indemnification. *Id.* The city argued to the trial court that Renk was estopped from requesting indemnification, but the trial court rejected that argument, concluding there was no indication that the jury in the federal action had considered or decided the issue of willful misconduct so as to bar a separate indemnity claim. *Id.* This Court reversed, holding that intentional torts necessarily constituted willful misconduct. *Id.* at 291-92.

The Pennsylvania Supreme Court granted an appeal "to consider whether a determination of liability for tortious conduct is the equivalent of a judicial determination of willful misconduct sufficient to preclude indemnification for the payment of a judgment entered in the action." *Renk*, 641 A.2d at 292. In reversing this Court's decision, our Supreme Court acknowledged that a police officer may be found to have committed assault and battery when "the force used in making an arrest is unnecessary or excessive[,]" but such conduct may conceivably occur "under circumstances which demonstrate that the officer did not intentionally use

13

unnecessary and excessive force . . . ." *Id.* at 293-94. In *Renk*, the record was "unclear whether the jury in the federal action determined that Renk intentionally used excessive force . . . , or only that he intentionally used force." *Id.* at 294. Observing that "[t]he [c]ity relied solely upon the jury's verdict in the federal action and did not introduce any other evidence to support its claim that Renk's acts were willful misconduct[,]" the Court held that "[t]he jury verdict alone [was] insufficient to establish willful misconduct . . . ." *Id.*[5]

This Court recently discussed and applied the holding of *Renk* in *York v. Kanan*, 298 A.3d 533 (Pa. Cmwlth. 2023). In *York*, an arrestee sued two police officers for malicious prosecution after he was acquitted of the charges on which he had been arrested. The trial court reasoned that Section 8550 of the Tort Claims Act, relating to willful misconduct, was applicable to immunity as well as to indemnity. Therefore, the trial court concluded that a separate finding of willful misconduct was required in order to defeat immunity and impose liability, and the trial court instructed the jury accordingly. *See York*, 298 A.3d at 539. On appeal, this Court agreed, explaining:

> The Supreme Court's holding in *Renk* explains why ***the question of tort liability and willful misconduct must be posed and answered separately***, when the Court articulated a scenario in which ***an officer could be found [to have committed] an intentional tort, but still retain his right to official immunity*** or indemnification ***if the trier of fact found him not to have committed willful misconduct***. *Renk*, 641 A.2d at 293-94. A similar situation occurred in *Cruz* [*v. MaDonna* (Pa. Cmwlth., No. 1748 C.D. 2015, filed January 27, 2017), *appeal dismissed*

---

[5] Our Supreme Court in *Renk* distinguished this Court's reasoning in *King v. Breach*, 540 A.2d 976 (Pa. Cmwlth. 1988), in which we equated intentional torts with willful misconduct; our Supreme Court concluded that our reasoning in *King* was inapplicable to cases involving police officers. *Renk*, 641 A.2d at 293.

14

*as improvidently granted*, 200 A.3d 440 (Pa. 2019)], and our Court affirmed the verdict below that found the officer liable for an intentional tort, but still entitled to indemnification after a finding of no willful misconduct. *Cruz*, slip op. at 7.[6] Although those cases addressed the interplay between an intentional tort and willful misconduct [solely] in the context of indemnity, they do not serve to limit the analysis to indemnity only, when ***the plain language of Section 8550 applies to both immunity and indemnity***.

*Id.* at 546 (emphasis added). *See also Pettit v. Namie*, 931 A.2d 790, 801 (Pa. Cmwlth. 2007) (quoting *Williams v. City of Phila.*, 569 A.2d 419, 421–22 (Pa. Cmwlth. 1990) and explaining that, absent willful misconduct, a public employee is immune from liability under the Tort Claims Act).

---

[6] In *Cruz v. MaDonna* (Pa. Cmwlth., No. 1748 C.D. 2015, filed January 27, 2017), *appeal dismissed as improvidently granted*, 200 A.3d 440 (Pa. 2019), this Court acknowledged our Supreme Court's decision in *Renk* as constituting a "rejection of the notion that an intentional tort is synonymous with willful misconduct . . . ." *Id.*, slip op. at 4 (citing *Renk*) (additional citation omitted). Nonetheless, this Court in *Cruz* distinguished between immunity and indemnity as affected by willful misconduct:

> One can have an honest belief that his actions are justified. It is, however, within the jury's province to find that such actions were not justified, despite the actor's belief to the contrary. In such situations, under *Renk*, the trier of fact can find the officer not immune, but nevertheless not so unjustified in his subjective belief as to lose his right to indemnification.

*Id.*, slip op. at 7. Under Section 414(a) of this Court's Internal Operating Procedures, an unreported decision of this Court issued after January 15, 2008, although not binding authority, may be cited for its persuasive value. *See* 210 Pa. Code § 69.414(a). Here, however, we are not persuaded by the analysis of *Renk* set forth in *Cruz*. Specifically, we reject the suggestion in *Cruz* that, under *Renk*, willful misconduct is not required for the imposition of liability for an intentional tort by a police officer. Rather, immunity was not raised as an issue in *Renk*, so our Supreme Court discussed only indemnification. That does not mean, however, that its analysis was not equally applicable to the question of immunity. Based on our reasoning here in *York*, which is binding authority, we reject such a distinction and decline to apply the analysis of *Renk* contained in *Cruz*.

15

Here, unlike in *Renk* and *Cruz*, the specific issue is immunity, not merely indemnity, of police officers regarding liability for intentional torts. Consistent with our precedential conclusion in *York*, supported by our earlier decisions in *Pettit* and *Williams*, we agree with Police Officers that our Supreme Court's analysis in *Renk* and our reasoning in *Cruz* do not support the Trial Court's refusal of Police Officers' proffered jury instruction and related verdict slip interrogatory concerning willful misconduct in this case.[7] The *Renk* Court explained that a jury's finding that a police officer committed intentional torts, including assault, battery, and intentional infliction of emotional distress, does not equate to a finding of willful misconduct. *See Renk*, 691 A.2d at 293-94. This Court recently reached a similar conclusion in *York*, as discussed above. *See* 298 A.3d at 544 (quoting *Cruz* and explaining that a jury may find a police officer committed an intentional tort despite the officer's subjective belief that his conduct was legally permissible). We conclude, therefore, that the Trial Court committed a fundamental error by declining to instruct the jury and include a jury interrogatory concerning possible willful misconduct by Police Officers.[8]

The Trial Court's error was also prejudicial to Police Officers. As stated above, Police Officers were entitled to immunity from liability for intentional

---

[7] This is particularly true because, as stated above, the Trial Court, in the charge conference, did not base its refusal of the requested jury instruction on a conclusion that willful misconduct was synonymous with an intentional tort but, rather, only on the trial judge's standard practice of refusing requested jury instructions that were based on case law rather than the SSJIs. *See* RR at 369a-70a & 380a-81a. The Trial Court suggested only later, in its 1925(a) Opinion, that willful misconduct was relevant to indemnity but not immunity. *See* 1925 Opinion at 4.

[8] We express no opinion whether there may exist specific circumstances under which willful misconduct may necessarily be subsumed within the elements of an intentional tort, as applied to those circumstances, such that no separate finding of willful misconduct would be needed in order to defeat immunity.

torts in the absence of a finding of willful misconduct. By failing to provide the requested jury instruction and verdict slip interrogatory, the Trial Count allowed the jury to impose liability without the finding of willful misconduct that was necessary in order to defeat immunity.

## IV. Conclusion

Because the Trial Court's error was fundamental and caused prejudice to Police Officers, we vacate the Trial Court's judgment and remand for a new trial at which both the jury instructions and verdict slip will require the jury to address the question of willful misconduct.

_____
CHRISTINE FIZZANO CANNON, Judge


Judge Wolf did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Reginald Scott | : | |
| | : | |
| v. | : | |
| | : | |
| Philadelphia Police Officer | : | |
| Brian Canela-Perez and | : | |
| George Lutz, | : | No. 990 C.D. 2023 |
| Appellants | : | |

**O R D E R**

AND NOW, this 14th day of August, 2025, the judgment of the Court of Common Pleas of Philadelphia County is VACATED. This matter is REMANDED for a new trial at which both the jury instructions and verdict slip will address the question of willful misconduct, consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge